a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| RANDY ANTHONY BROWN #374007, Plaintiff | CIVIL DOCKET NO. 1:23-CV-00944 SEC P |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| DEPT OF PUBLIC SAFETY & CORRECTIONS ET AL, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 (ECF No. 1) filed by pro se Plaintiff Randy Anthony Brown ("Brown"). Brown is incarcerated at the Raymond Laborde Correctional Center in Cottonport, Louisiana. Brown raises claims of false arrest and false imprisonment. He seeks a release from custody and monetary damages.

Because Brown cannot obtain release through a civil rights action, and his claim for monetary damages is legally barred at this time, IT IS RECOMMENDED that the Complaint (ECF No. 1) be DENIED and DISMISSED WITH PREJUDICE.

I. **Background**

Brown alleges that he was wrongfully arrested and incarcerated by Warden Marcus Myers, the Louisiana Department of Corrections, the 16th Judicial District Court, the District Attorney's Office, Harry Daniels Law Office, and the Baldwin Police Department.

1

Brown indicates that he has two identification cards issued by the State—one with his true name and date of birth of 02/20/1973, and another with the name Randy Anthony Brown, Sr., and a date of birth of 02/28/1973. ECF No. 1-2 at 1. Brown alleges that the arrest warrant in his case was issued for Randy Brown Jr. or Sr., neither of which is him. He implies that the errors were not simply typographical and establish his innocence.

Brown was ordered to amend his Complaint to state whether he was convicted of the charges from the allegedly unlawful arrest or whether the charges remain pending. He was also instructed to provide the date of disposition of the charges and a copy of the judgment of conviction. ECF No. 10.

In response, Brown provided a copy of a plea agreement, wherein he pleaded guilty to aggravated second degree battery. ECF No. 12-1 at 5. In accordance with that agreement, Brown was sentenced to seven years of imprisonment, commencing on October 27, 2020. *Id.*, 2-1 at 1, 5. Brown now alleges that he was forced to sign the plea agreement.

II. Law and Analysis

    A. Brown's Complaint is subject to screening under §§ 1915(e)(2) and 1915A.

Brown is a prisoner who has been allowed to proceed in forma pauperis. Title 28 U.S.C. § 1915A provides for the preliminary screening of lawsuits filed by prisoners seeking redress from an officer or employee of a governmental entity. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*); *Rosborough v. Mgmt. and Training Corp.*, 350 F.3d 459, 461 (5th Cir. 2003). Because Brown is

2

proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both §§ 1915(e)(2)(B) and 1915A(b) provide for sua sponte dismissal of a complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

### B. Brown cannot obtain a release from custody through a civil rights action.

Brown requests his release from custody. Such relief is not available through a civil rights action. *See Calderon v. Ashmus*, 523 U.S. 740, 747 (1998) (any claim attacking the validity or duration of confinement must be raised in a habeas corpus petition); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

### C. Brown's claim for damages is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

If a favorable judgment would necessarily imply the invalidity of a prisoner's conviction or the length of his confinement, a civil action seeking damages related to that conviction cannot be raised until the conviction has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid in a collateral proceeding or by the issuance of a federal writ of habeas corpus. *See Heck* 512 U.S. at 487. A judgment for damages for Brown's confinement would imply the invalidity of his conviction and sentence. Brown's conviction has not been reversed, expunged, or declared invalid. Therefore, his request for damages is barred by *Heck*.

### III. Conclusion

Because Brown cannot obtain his release through a civil rights action, and his damages claim is barred by *Heck*, IT IS RECOMMENDED that his Complaint (ECF

No. 1) be DENIED and DISMISSED WITH PREJUDICE under §§ 1915A and 1915(e) until such time as the *Heck* conditions are met.[1]

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, October 2, 2023.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

---

[1] *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 657 (5th Cir. 2007) ("A preferred order of dismissal in *Heck* cases decrees, 'Plaintiffs [sic] claims are dismissed with prejudice to their being asserted again until the *Heck* conditions are met.'").